1  Richard J. Grabowski (State Bar No. 125666)
   rgrabowski@jonesday.com
2  John A. Vogt (State Bar No. 198677)
3  javogt@jonesday.com
   Edward S. Chang (State Bar No. 241682)
4  echang@jonesday.com
5  JONES DAY
6  3161 Michelson Drive, Suite 800
   Irvine, CA  92612.4408
7  Telephone:  949.851.3939
8  Facsimile:   949.553.7539

9  Attorneys for Defendant/Cross-Defendant
   EXPERIAN DATA CORP.
10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  MAUDIE PATTON, JACQUELINE          **Case No. 8:17-cv-01559-JVS-DFM**
    GOODRIDGE, VIRGINIA KALDMO,
15  and DIANE RANDLE, Individually,    Honorable James V. Selna
    on behalf of the general public, and on
16  behalf of all others similarly situated,
17                                     **MEMORANDUM OF POINTS**
18                                     **AND AUTHORITIES IN SUPPORT**
                   Plaintiffs,         **OF EXPERIAN DATA CORP.'S**
19                                     **MOTION TO REOPEN**
             v.                        **DISCOVERY FOR DEPOSITION**
20                                     **OF RICHARD COFFMAN**
    EXPERIAN DATA CORP., a
21  Delaware corporation; COURT
    VENTURES, INC., a California       Date:  December 17, 2018
22  corporation; U.S.                  Time: 1:30 p.m.
    INFOSEARCH.COM, LLC, an Ohio       Courtroom: 10C
23  limited liability company; and DOES
    1-10, inclusive,
24                                     Complaint filed: Sept. 30, 2015
                   Defendants.         FAC filed: Aug. 15, 2016
25                                     Corrected FAC filed: Aug. 17, 2016
26                                     SAC filed: Aug. 11, 2017
27
                                       Trial date: May 7, 2019
28

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY**

# **INTRODUCTION**

Experian Data Corp. ("Experian Data") requests that the Court reopen discovery for the sole and limited purpose of allowing Defendants to take the deposition of Richard Coffman, an undisclosed fact witness that Plaintiff James Silliman revealed on the last day of depositions. Mr. Coffman possesses crucial knowledge that is central to Plaintiffs' claims. The sole claims in this case are that Defendants violated the state data breach notification laws of New Hampshire, North Carolina, South Carolina, and Tennessee[1]; Plaintiffs seek an injunction requiring Defendants to provide notice under these statutes. The statutes, however, only apply if social security numbers are obtained by unauthorized persons. While each Plaintiff pleads that his/her social security number *was obtained*, no party has produced any evidence to support this allegation. Experian Data and the other Defendants have no records of what information, if any, was obtained about any Plaintiff.

During the deposition of Plaintiff Silliman on October 25, 2018, the last day of depositions under the Scheduling Order, Plaintiffs revealed for the first time that there is someone who claims to know what specific information about the Plaintiffs was obtained—Richard Coffman:

> "Q. And what – what did Mr. Coffman tell you? Did he tell you your name, city and state were searched? What was the –
> **A. I don't remember exactly, but I know my social security was part of it, my social security number.**
> Q. Are you sure about that?
> **A. Yes.**
> Q. Mr. Coffman told you your social security number was searched?
> **A. Correct.**"

---

[1] Tennessee Plaintiff Georgeanne English has requested leave to substitute a new Tennessee class representative in her stead. (Dkt No. 101). Experian Data agrees that English's claim should be dismissed, but urges that substitution would be futile because only a "customer" has standing to bring a claim under the Tennessee statute. (Dkt No. 103.) The Court will hear the motion on November 26, 2018.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY**

1

2    "Q. All right. And—and you have an independent recollection that he
3    also told you that your social security number, date of birth and
     address were exposed in the breach?
4    A. Yes."

5    "Q. Okay. All right. And I just want to be absolutely clear. When
6    you had this communication with Mr. Coffman, did he say that your
     name, social security number, date of birth and address may have been
7    exposed or -- or was exposed?
8    A. Was exposed.
     Q. All right. Thank you. And you took that to mean that some
9    unauthorized third party now has possession of, among other things,
     your social security number?
10   A. Correct."

11   (Declaration of Jeremy Close ("Close Decl."), Ex. C, 16:21-17:6, 37:20-24, and

12   51:11-22 (excerpts of James Silliman Deposition.) *See also id*. at 29:9-12 ("I was

13   told by Mr. Coffman that they had searched my name and garnered that

14   information.")) Despite Mr. Coffman having such knowledge, Plaintiffs failed to

15   list him as a witness on their Rule 26 disclosures (Close Decl., Ex. A), which

16   deprived Defendants of the opportunity to subpoena him for a deposition during the

17   deposition period.

18       Plaintiffs' last second revelation about Mr. Coffman's knowledge constitutes

19   good cause for re-opening discovery for the sole purpose of allowing Experian Data

20   to take Mr. Coffman's deposition. Experian Data has been diligent in obtaining

21   discovery within the Scheduling Order, raised this issue on the record at the

22   Silliman deposition, promptly met and conferred with Plaintiffs, and sought this

23   relief from the Court after completing the meet and confer process. Trial is not

24   until May 2019, and allowing this deposition will not affect the trial date. Plaintiffs

25   did not identify any prejudice related to this motion during the meet and confer, but

26   merely brushed off that Mr. Coffman knew anything. Moreover, the need for Mr.

27   Coffman's deposition was not foreseeable during the deposition period, because

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY**

1    Plaintiffs failed to identify him as a fact witness. Finally, Mr. Coffman's testimony

2    is crucial to Experian Data's defenses. The data breach notification statutes only

3    apply if specific information was obtained by unauthorized persons, and Mr.

4    Coffman is evidently the only person with this knowledge. For these reasons, good

5    cause exists and the Court should grant this motion.[2]

6                                    **ARGUMENT**

7         To reopen discovery, a moving party must demonstrate good cause. Fed. R.

8    Civ. Pr. 16(b)(4). Courts consider several factors in determining whether good

9    cause exists to reopen discovery: "1) whether trial is imminent, 2) whether the

10   request is opposed, 3) whether the non-moving party would be prejudiced, 4)

11   whether the moving party was diligent in obtaining discovery within the guidelines

12   established by the court, 5) the foreseeability of the need for additional discovery in

13   light of the time allowed for discovery by the district court, and 6) the likelihood

14   that the discovery will lead to relevant evidence." *Smith v. United States*, 834 F.2d

15   166, 169 (10th Cir. 1987); *see also U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63

16   F.3d 1512, 1526 (9th Cir. 1995) (adopting the *Smith* analysis), *vacated on other*

17   *grounds*, 520 U.S. 939 (1997); *Sateriale v. R.J. Reynolds Tobacco Co.*, No. 2:09-

18   CV-08394-CAS, 2015 WL 4162485, at *5 (C.D. Cal. July 8, 2015) (applying *Smith*

19   factors and granting motion to reopen discovery for depositions of new fact

20   witnesses and redeposing named plaintiffs); *Tyco Thermal Controls LLC v.*

21   *Redwood Industrials*, No. C 06-07164 JF (PVT), 2010 WL 1526471, at *4-*6 (N.D.

22   Cal. Apr. 15, 2010) (applying *Smith* factors and granting motion to reopen

23   _____

24   [2] While Mr. Coffman is one of the attorneys representing Plaintiffs, his knowledge
     of these facts is not privileged, nor are the communications in which he told Mr.
25   Silliman his social security number was obtained. Mr. Silliman testified that the
     communications occurred prior to any representation, and led Mr. Silliman to join
26   the lawsuit. Moreover, Plaintiffs' counsel did not make privilege objections when
     Experian Data questioned Mr. Silliman about these communications. (Close Decl.,
27   
28   Ex. C.) Nor did Plaintiffs make any such objection during the meet and confer.

                                        3

1    discovery for deposition to authenticate relevant documents and to re-depose

2    another witness after newly produced documents).  These factors establish good

3    cause for the reopening of discovery.

4    **A.    Experian Data Has Been Diligent in Discovery and Seeking This Relief.**

5         In amending a scheduling order, courts have held that "Rule 16(b)'s 'good

6    cause' standard primarily considers the diligence of the party seeking the

7    amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir.

8    1992).  Experian Data was diligent in obtaining discovery within the Scheduling

9    Order issued by the Court.  Plaintiffs pled they have "personal knowledge" that

10   their personal identifying information, including social security numbers, was

11   accessed during the alleged data incident underlying this litigation.  (Dkt. No. 1, Ex.

12   152 ("SAC") p. 2 Intro, ¶¶ 3, 11-22, 36, 54, 73, 77, 82, 85, 91, 94, 100, 103, 109,

13   112, 118, 121, 127, 131, 136, 140, 145, 148, 154, 157, 163, 165, 172, 176).

14   Seeking the factual basis for these allegations, Experian Data served document

15   requests and deposed three of the four Plaintiffs.[3]  Other Defendants also served

16   discovery on Plaintiffs.

17        While none of the Plaintiffs produced any documents, each revealed in

18   his/her deposition that they joined the lawsuit after receiving a solicitation letter in

19   the mail from Mr. Coffman.[4]  When Plaintiff Silliman was deposed on October 25,

20   2018, the deposition cut-off date and just days before the close of discovery (Dkt.

21   Nos. 51, 52), he testified he "was notified" that his "name, social security number,

22   date of birth, [and] address had all been exposed" in the underlying incident.

23   (Close Decl., Ex. C at 9:10-14.)  Silliman confirmed that his entire basis for suing

24

25   [3] Plaintiff English failed to appear for her deposition and refused to be deposed.
26   She also refused to respond to Defendants' discovery requests.  (*See* Dkt No. 103.)

27   [4] Plaintiffs have refused to produce these solicitation letters in discovery.  On
     November 14, this Court issued an order allowing Experian Data to bring a motion
28   to compel production of these letters by November 20.  (Dkt No. 112)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY

1   Experian Data was a conversation in which Mr. Coffman told him that his social

2   security number was obtained in the incident. (*Id.* at 10:11-14; 10:24-11:8; 16:3-8;

3   16:21-17:6; 22:11-19.) As to the source of his knowledge, Plaintiff Silliman stated

4   that he has no "primary information" (*Id.* at 17:25) and only knows, "what I've

5   been told by Mr. Coffman." (*Id.* at 22:17-19.)

6         After hearing this testimony Experian Data's counsel stated on the record

7   that "Mr. Coffman may be a witness" and that he "may have to testify." (*Id.* at

8   37:2-5.) On October 31, Experian Data sent a meet and confer letter to Plaintiffs

9   and requested that they voluntarily make Mr. Coffman available for deposition.

10  (Close Decl., Ex. D.) Experian Data's letter requested a Local Rule 7-3 telephonic

11  meet and confer by November 5 so that this issue could be quickly resolved or

12  otherwise brought to the Court. Plaintiffs' counsel was not available on November

13  5, but was available on November 8.[5] The parties conducted the meet and confer

14  on that date. (Close Decl. at ¶ 6.) Pursuant to Local Rule 7-3, Experian Data

15  brought this motion seven days after the conference, the minimum time allowed

16  before filing. Experian Data has been diligent in bringing this motion, which is the

17  primary important factor in considering whether discovery should be re-opened.

18  *Johnson*, 975 F.2d at 609.

19  **B.**   **Reopening Discovery for the Coffman Deposition Will Not Affect the**
20        **May 2019 Trial Date.**

21        Trial of this matter is not imminent, but is scheduled for May 7, 2019. (Dkt.

22  No. 51.) Thus, reopening discovery for the sole purpose of allowing a deposition of

23  Mr. Coffman will not jeopardize the current trial date—another factor that weighs

24  heavily in favor of granting this motion. *See Smith*, 834 F.2d at 169. *See also*

25  *Tyco,* 2010 WL 1526471 at *4-*6 (reopening discovery where discovery could be

26

27  ─────────────────────

28  [5] Moreover, Experian Data received Silliman's deposition transcript on November 8. (Close Decl. at ¶ 4.) The transcript is necessary evidence for this motion.

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY**

1   completed without compromising trial date); *Llewellyn v. Ocean Loan Servicing*,

2   2013 WL 3199980, No. 08-cv-00179-WJM-KLM, at *3 (D. Colo. Jan. 13, 2012)

3   (appropriate to reopen discovery on limited issue where trial is not "imminent").

4   Experian Data is willing to take the deposition within a short time period after the

5   Court grants this motion so as to avoid any disruption to the remaining case

6   schedule.

7   **C.    The Parties Will Not Be Prejudiced By Reopening Discovery for the**

8   **Coffman Deposition.**

9        There is no basis for Plaintiffs to claim prejudice arising from the limited

10   discovery Experian Data seeks.  Indeed, Plaintiffs themselves have sought to amend

11   the Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4) through

12   their motion to substitute a new class representative, which they admit would

13   require additional discovery related to any new plaintiff.  (*See* Dkt. No. 101.)

14   Experian Data's request is much less taxing, as it merely seeks a deposition of a

15   crucial fact witness that was not previously identified by Plaintiffs.

16        Plaintiffs did not identify any prejudice during the meet and confer, and,

17   given the length of time until trial, any such claim would ring hollow.  Plaintiffs

18   merely claimed that Mr. Coffman—who was not present on the call—has no special

19   knowledge of what information was obtained in the alleged data incident.  Plaintiffs

20   in fact stated this position to the Court while opposing Experian Data's recent *ex*

21   *parte* application to extend the discovery motion deadline to obtain the above-

22   mentioned solicitation letters.  In discussing this conflict over the Coffman

23   deposition, Plaintiffs stated "For obvious reasons, Plaintiffs' Counsel refused to

24   provide dates for Mr. Coffman's deposition but reassured to Experian's Counsel

25   that Mr. Coffman does not have any specialized factual information regarding this

26   case."  (Dkt No. 105, pg 9 of 12.  *See also* Dkt No. 105-1 at ¶ 5 "Mr. Blood

27   explained to Mr. Close that Mr. Coffman has no specialized factual information and

28   refused to provide a date for Mr. Coffman's deposition.")

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY

1    While Plaintiffs' counsel may claim that Mr. Coffman does not have such

2    specialized knowledge, Plaintiff Silliman has testified otherwise, and these facts

3    need to be explored.[6]  There is no prejudice to any party if Experian Data takes the

4    deposition to explore what Mr. Coffman actually knows.  In contrast, Experian

5    Data's ability to defend itself on a critical trial issue will be severely comprised if

6    this motion is denied.  This factor alone merits reopening of discovery.  *See, e.g.,*

7    *Watt v. All Clear Business Solutions,* 840 F.Supp.2d 324, 327 (D.D.C. 2012)

8    (reopening discovery where allowing party to add a new expert would lead to

9    relevant evidence on key damages issue and opposing party could show no real

10    prejudice).  *See also Sci. Applications,* 301 F.R.D. at 4 (reopening discovery

11    because any potential for delay was "significantly outweighed by the potential

12    value that the evidence has to a central issue in the case").

13    Furthermore, Plaintiffs cannot claim prejudice since this situation is of their

14    own making—they failed to identify Mr. Coffman as a fact witness on their Rule 26

15    disclosures (*See* Close Decl., Ex. A), leaving Experian Data with no way of

16    knowing that Mr. Coffman had such knowledge until Mr. Silliman revealed so on

17    the last day of depositions.  *See Wake Forest Acquisitions, L.P. v. Vanderbilt*

18    *Commercial Lending, Inc.*, No. 2:15-CV-02167 KJM DB, 2018 WL 1586362, at *5

19    (E.D. Cal. Apr. 2, 2018)  ("[t]he third factor, prejudice to the non-moving party,

20    does not weigh against finding good cause when the prejudice is of the non-moving

21    party's own making.")

22    **D.    The Need for Coffman's Deposition Was Not Previously Foreseeable.**

23    The need for this deposition was not foreseeable during the discovery period,

24    as the disclosure of Mr. Coffman as a fact witness came as a surprise on October

25

26    _____

27    [6] There are two logical explanations for Mr. Silliman's testimony: either Mr. Coffman has undisclosed evidence in this case, or Plaintiffs' counsel made untrue

28    representations to Plaintiffs in an effort to find new parties and keep the case alive after it was last dismissed by the Orange County Superior Court.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DISCOVERY

25, 2018, the deposition cut-off date.  As discussed above, Plaintiffs never listed Mr. Coffman as a fact witness on their Rule 26 disclosures, and never produced the solicitation letters that were apparently drafted by Mr. Coffman and sent to Plaintiffs  The newly-discovered fact of Mr. Coffman's role as a fact witness justifies reopening discovery for the limited purpose of allowing his deposition. *See Tyco*, 2010 WL 1526471 at *6 (granting opposed motion to reopen discovery for depositions where there were "newly-discovered facts.")

**E.    Coffman's Testimony is Relevant to this Case.**

There is no question that the discovery sought is relevant to the claims and defenses in this case.  The discovery sought is narrowly tailored to focus upon developing critical defenses to Plaintiffs' claims that Experian Data was required and failed to provide them with "notice" of an alleged "security lapse." (*See, e.g.,* Dkt. No. 1, Ex. 152 ("SAC") ¶¶ 78, 80.)  As Plaintiffs are aware, Experian Data does not possess any search results that indicate what information, if any (including Plaintiff Silliman's social security number), was actually acquired by identity thieves in the data incident underlying this case.  And Plaintiffs did not produce any documents in response to Experian Data's Request For Production No. 1, which requested all documents "that support your claims in the Second Amended Complaint." (Close Decl., Ex. B.)

Plaintiffs' claims hinge on whether the data breach notification statutes apply.  These statutes require notice of a data breach only if certain types of information, including social security numbers, are obtained by unauthorized persons.  No Defendant has any record of what types of information, if any, about Plaintiffs was obtained by unauthorized persons—a fact that has been repeatedly stated on the record.  Yet Mr. Silliman testified that Mr. Coffman told him that his social security number ***was obtained***.  Not *may have been* obtained, but *was* obtained:

"Q. When you had this communication with Mr. Coffman, did he say

that your name, social security number, date of birth and address may have been exposed or—or was exposed?

**A. Was exposed."**

Q. …And you took that to mean that some unauthorized third party now has possession of, among other things, your social security number?

**A. Correct.**

(Close Decl., Ex. C, 51:14-22.)  This would in fact be the only evidence in the case that Plaintiffs' social security numbers were obtained, and to the extent these representations are true, must lead to the evidence that the statement was based on. Mr. Coffman must therefore have information that has not been disclosed in this case regarding what information about Plaintiffs has actually been disclosed.

A further exploration of the basis of Plaintiffs' claims is not only relevant, but is critical to effective defense of their claims.  Similarly, since evidence of Plaintiffs' claims will be offered and argued to be representative of the expectations of the entire class on these issues, Experian Data must have a fair opportunity to engage in discovery tending to refute that evidence, including the introduction of Mr. Coffman's deposition testimony regarding what information, if any, was obtained about any individual person that was searched through the SG Investigators account.

## CONCLUSION

For the foregoing reasons, Experian Data respectfully requests that discovery be reopened so that Experian Data may take the deposition of Richard Coffman pursuant to Fed. R. Civ. Pr. 45 to explore the basis of his knowledge that Plaintiffs' social security numbers were obtained by unauthorized persons.

9

Dated:  November 15, 2018.

JONES DAY

By: */s/ John A. Vogt*
John A. Vogt

Attorneys for Defendant/Cross-Defendant
EXPERIAN DATA CORP.

10